(No. 80-CC-1433-

RICHARD G. HAYES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1980.*

*Order awarding compensation filed May 18, 1981.*

RICHARD G. HAYES, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This cause comes to be heard on the motion of Respondent to dismiss and the objection thereto filed by Claimant. The facts involved do not appear to be in dispute.

Pursuant to sections 11a—10(b) and 11a—10(c) of Ill. Rev. Stat. 1979, ch. 110½, par. 11a—10, Claimant was appointed and performed services as a guardian ad litem

for an alleged disabled adult, Barbara L. Thompson, by an order of a circuit court on December 11, 1979. Said statute provides as follows:

"(b) The court (1) may appoint counsel for the respondent, if the court finds that the interest of the respondent will be best served by the appointment, and (2) shall appoint counsel upon respondent's request or if respondent takes a position adverse to that of the guardian ad litem. The court may allow counsel for the respondent reasonable compensation.

(c) If the respondent is unable to pay the fee of the guardian ad litem or appointed counsel, or both, the court shall enter an order on the State to pay from funds appropriated by the General Assembly for that purpose, all such fees or such amounts as the respondent is unable to pay."

By Public Act 80-161, section 83 the General Assembly made an appropriation to the Illinois Supreme Court in an attempt to fund this program. Said law provides as follows:

"The sum of $25,000.00, or so much thereof as may be necessary, respectively, for objects and purposes hereafter named, are appropriated to the Supreme Court for payment to Court-Appointed Counsel, Guardians ad Litem, and Experts under Article XIa of the Probate Act of 1975."

On January 15, 1980, a circuit court entered an order providing that Claimant be paid $330.00 for his services rendered as guardian ad litem. In his complaint Claimant has alleged that he made a request for said sum to the Administrative Office of the Illinois Courts of the State of Illinois, and said request was denied on the grounds that the funds appropriated for such payments had lapsed.

According to the motion to dismiss and departmental report Respondent sets forth a different reason for the refusal to pay. The Court takes judicial notice of the date the claim was filed and it is clear that, at that time, the appropriations had not lapsed. However, that issue has been mooted by the passage of time. The issue raised by the motion to dismiss is entirely different.

Respondent argues that the Supreme Court has never accepted any of the monies appropriated by P.A.

81-161, section 80. The reason for the nonacceptance is set forth in the departmental report. Mr. Roy Gulley, the director of the Administrative Office of the Illinois Courts, stated therein that the Supreme Court directed him not to accept the appropriation because of the fact that, in their opinion, said appropriation should have been made either to the Guardianship and Advocacy Commission or to the Office of the State Guardian. He pointed out that nowhere in the subsidy bill is there any connection with the appropriation for, or payment of, these fees. He further noted that another reason the Supreme Court chose not to become involved in the situation was that the amount of the appropriation was grossly inadequate.

Respondent then cites Ill. Rev. Stat. 1977, ch. 127, par. 166 which states:

"No officer, Institution, Department, Board or Commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless authorized by law."

Respondent concludes by arguing that as the Supreme Court has not accepted the appropriation because they have no authority under any enabling statute to administer it, and because the Guardianship and Advocacy Commission and the State Guardian have proper authority to administer it but do not have the appropriation this claim should be denied for insufficient appropriations.

Claimant states that section 11a—10 does not require that the appropriated money be accepted but merely states in pertinent part, "* * * (T)he court shall enter an Order upon the State to pay from funds appropriated by the General Asembly for that purpose * * *". He states that nowhere in the statutes is there a requirement that an appropriation be accepted. He further argues that no State agency should have the power to disobey a valid court order by merely refusing to accept money which

has been appropriated for the purpose for which the court order was entered.

We decline to decide whether or not a State agency has the power to refuse to accept an appropriation and yet incur obligations to pay these. As we view the case, an appropriation was made for the purpose for which Claimant has filed his claim. It is clear that sufficient funds remain from that appropriation from which to pay this claim. It is also clear that said appropriation has lapsed. We feel that said circumstances render moot any issue of nonacceptance of the appropriation. Moreover, the obvious intent of the legislature in making the appropriation was that persons in the position of the Claimant in this case be compensated for services rendered.

It is hereby ordered that the motion by Respondent to dismiss be, and hereby is, denied.

## ORDER AWARDING COMPENSATION

POCH, J.

The record in this cause indicates that the purpose of this claim is for compensation to the Claimant for services rendered pursuant to sections 11a—10(b) and 11a—10(c) of Ill. Rev. Stat. 1979, ch. 110½, par. 11a—10, where Claimant was appointed and performed services as a guardian ad litem for an alleged disabled adult, Barbara L. Thompson, by an order of the Circuit Court. The Attorney General has submitted a stipulation by Respondent which establishes that there is no dispute of fact. No part of this expenditure has been paid. Money was appropriated under appropriation and fund #001-20110-1900-0400 and sufficient funds for the payment of this obligation have lapsed and were returned to the State Treasury.

This claim has not been paid due to the lapse of the appropriation for the period for which the debt was incurred. This money was appropriated by Public Act 81-161, section 83, by the General Assembly to the Illinois Supreme Court. The Supreme Court has never accepted the money appropriated by this Public Act as the Supreme Court has no authority to administer this program, and also because the appropriation was grossly inadequate. However, this Court has found in its order of December 15, 1980, that the obvious intent of the legislature making this appropriation was to compensate persons in the position of the Claimant in this case for services rendered.

Therefore, it is hereby ordered that the Claimant be awarded in full accord and satisfaction of any and all claims presented to the State of Illinois under the above captioned cause the sum of $330.00 (three hundred and thirty dollars).